UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW FRIIS,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>KEVIN MCCARTHY, JR.<br>and MCCARTHY TREE SERVICES, LLC,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:18-cv-10134-DPW<br>)<br>)<br>)<br>)<br>)<br>) |

# FIRST AMENDED COMPLAINT

Plaintiff Andrew Friis ("Friis") files this First Amended Complaint as of right pursuant to Fed. R. Civ. P. 15(a)(1)(B) because it is filed within 21 days of the Defendants' filing of a motion under Fed. R. Civ. P. 12(b)(6).

As set forth in more detail below, Defendants Kevin McCarthy, Jr. ("McCarthy") and McCarthy Tree Services, LLC ("McCarthy Tree") (together referred to as "Defendants") fraudulently induced Friis to enter into a contract whereby Friis purchased over $80,000 worth of equipment for McCarthy Tree in exchange for McCarthy promising to deliver to Friis certain highly valuable baseball memorabilia which McCarthy either never owned or never had any intention of actually delivering.  Defendants have failed and otherwise refused to deliver the memorabilia while continuing to use and profit from the equipment Friis purchased.  Friis continues to incur additional damages each month the Defendants' knowingly fraudulent and bad faith conduct continues.

## PARTIES

1.　　Friis is a natural person who resides in Palm Beach County, Florida.

1

2. McCarthy is a natural person who, upon information and belief, resides at 8 Sail Loft Road, Harwichport, Massachusetts.

3. McCarthy Tree is a Massachusetts limited liability company with its principal place of business also located at 8 Sail Loft Road, Harwichport, Massachusetts. McCarthy is the Manager and Resident Agent of McCarthy Tree and, upon information and belief, is its sole member.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) and the fact that the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over McCarthy because he resides and works in the Commonwealth of Massachusetts.

6. This Court has personal jurisdiction over McCarthy Tree because it is a limited liability company organized under the laws of Massachusetts and because it maintains its principal place of business in Harwichport, Massachusetts.

## FACTS

7. Friis is an avid baseball memorabilia collector. Upon information and belief, and based on at least three prior transactions between Friis and McCarthy (through a third party) that predates the transaction that forms the basis of this suit, McCarthy engages in the business of selling baseball memorabilia.

8. In the summer of 2015, after Friis had previously purchased memorabilia from McCarthy through a third party, Friis and McCarthy were introduced to each other through a

mutual acquaintance who believed that McCarthy was in possession of, and looking to sell, additional, highly valuable memorabilia.

9. During a subsequent meeting between Friis and McCarthy that occurred in Falmouth on August 18, 2015, McCarthy represented to Friis that he was the grandson of Hall of Famer Carl Yastrzemski, that he was the lawful owner of additional memorabilia once used by Mr. Yastrzemski, and that he wanted to sell it because he needed money to purchase equipment for McCarthy Tree.

10. Reasonably relying on McCarthy's representations, beginning in or around August 18, 2015, Friis entered into an oral contract(s) with McCarthy and McCarthy Tree whereby Friis agreed to provide money to McCarthy and to purchase certain equipment for McCarthy Tree in the aggregate amount of $84,298.77 in exchange for McCarthy providing to Friis the following baseball memorabilia: (i) 3 Silver Bats for the years 1963, 1967, and 1968; (ii) 7 Gold Glove Awards from the years 1963, 1965, 1967, 1968, 1969, 1971, and 1977; (iii) the 1967 Triple Crown Award; (iv) the 1967 Triple Crown Ring; (v) the 1967 American League Most Valuable Player Award; (vi) the Red Sox World Series Championship Rings from 2004, 2007, and 2013; (vii) the bat and ball used for Yastrzemski's 3,000th hit; (viii) the ball Yastrzemski hit for his 400th home run; (ix) a game-used Ted Williams jersey that was given to Yastrzemski after his Major League debut; (x) custom made Red Sox guns; (xi) a 1963 All-Star Game bat; (xii) the front podium from Yastrzemski's 1989 induction into the Major League Baseball Hall of Game; and (xiii) an MLB All-Star Game Crystal Award (collectively referred to as the "Memorabilia").

11. As part of this arrangement, Friis also agreed to sign a personal guaranty for a loan McCarthy and McCarthy Tree would obtain to finance a Toro Dingo Compact Utility

Loader – a loan which the parties agreed McCarthy and McCarthy Tree would be responsible for.  Finally, McCarthy agreed to obtain Mr. Yastrzemski's signature on a game-worn jersey already owned by Friis.

12.  Though the contract(s) itself was never reduced to writing, numerous text messages subsequently exchanged between Friis and the Defendants and their agents confirm the existence of their agreement.

13.  In reasonable reliance on the Defendants' representations, Friis complied with his contractual obligations by sending money to McCarthy and transferring additional funds directly to the equipment manufacturer, co-signing for the utility loader loan, and providing McCarthy with the jersey.  In total, Friis paid $84,298.77 to or for the benefit of the Defendants.  McCarthy and McCarthy Tree, however, never complied with their obligations.

14.  Despite numerous demands, Defendants have failed and otherwise refused to provide the Memorabilia to Friis, refused to obtain Mr. Yastrzemski's signature, and refused to return Friis' money or jersey.  The Defendants also never made any payments on the equipment loan, thereby forcing Friis to make the monthly payments.  Meanwhile, the Defendants have taken possession of the money and the equipment Friis purchased and co-signed for them, and have been using them to operate and profit from ever since.  McCarthy also fraudulently charged additional expenses on Friis' credit card without his authorization.

15.  After complying with his contractual obligations, Friis learned that McCarthy's representations concerning his ownership of and ability to sell the Memorabilia were false.

16.  Upon information and belief, McCarthy never owned or otherwise had the lawful authority to agree to sell the Memorabilia.

17. McCarthy knew that he did not own or otherwise have the lawful authority to agree to sell the Memorabilia, yet knowingly misrepresented his ownership over the Memorabilia for the sole purpose of inducing Friis to provide money to and purchase equipment for McCarthy Tree.  The Defendants never had any intention of complying with their obligations.

18. McCarthy was, at all relevant times, acting on his own behalf and on behalf of McCarthy Tree, which stood to gain and did benefit from McCarthy's representations knowing they were false.

19. Friis served a demand letter on the Defendants more than thirty days before the filing of this action, as required under G.L. c. 93A.  The Defendants failed to offer any settlement whatsoever.

20. Friis has been and continues to be damaged by Defendants' conduct.

## CAUSES OF ACTION

### Count I – Breach of Contract

21. Friis repeats and incorporates his allegations from each of the foregoing paragraphs as if fully set forth herein.

22. Friis entered into an oral contract(s) with the Defendants that required them to provide him with the Memorabilia and a signature on Friis' game-worn jersey in exchange for Friis' purchase of equipment for McCarthy Tree and the co-signing of a loan which Defendants were required to pay.

23. The Defendants breached the contract(s) by failing to provide Friis with the Memorabilia, failing to provide the required signature, and by failing to pay the monthly installments required on the loan.

24. Friis has been and continues to be damaged by Defendants' breaches.

### **Count II – Misrepresentation/Fraud**

25. Friis repeats and incorporates his allegations from each of the foregoing paragraphs as if fully set forth herein.

26. The Defendants made false representations concerning McCarthy's ownership of, ability to transfer, and intention to transfer the Memorabilia.

27. The Defendants made these false representations knowing they were false and for the purpose of inducing Friis to enter into the contract and purchase equipment for McCarthy Tree.

28. Friis reasonably relied on the Defendants' misrepresentations in deciding to enter into the contract, provide money to and purchase the equipment for McCarthy Tree, and co-sign on a loan for additional equipment financing.

29. Friis has been and continues to be damaged by the Defendants' conduct.

### **Count III – Unjust Enrichment**

30. Friis repeats and incorporates by reference his allegations from each of the foregoing paragraphs as if fully set forth herein.

31. At Defendants' demand, Friis bestowed a financial benefit on Defendants by providing money to them, purchasing equipment for their use, and co-signing a loan for them.

32. The Defendants' procured this benefit from Friis under circumstances that make it unjust for them to retain these benefits.

33. Permitting the Defendants to retain these unlawful and unearned benefits would be inequitable.

34. Defendants should be ordered to reimburse Plaintiffs for the cost of the equipment they received for free and disgorge all profits received as a result of their use.

**Count IV - Conversion**

35. Friis repeats and incorporates by reference his allegations from each of the foregoing paragraphs as if fully set forth herein.

36. As set forth above, McCarthy wrongfully and unlawfully exercised control and dominion over Friis' personal property – i.e., money and the jersey.

37. McCarthy never had any legal right to retain McCarthy's property.

38. Despite demand, McCarthy has refused to return this property to Friis.

39. Friis has been damaged by McCarthy's unlawful conduct.

**Count V – G.L. c. 93A**

40. Friis repeats and incorporates by reference his allegations from each of the foregoing paragraphs as if fully set forth herein.

41. At all material times, the Defendants were engaged in trade or commerce with Friis.

42. Based on the conduct described above, the Defendants committed unfair or deceptive acts or practices.

43. The Defendants' unfair or deceptive acts or practices occurred primarily and substantially in the Commonwealth of Massachusetts and were knowing and willful.

44. The Defendants' unfair or deceptive acts or practices damaged Friis.

**WHEREFORE,** Friis respectfully requests that the Court:

(a) Enter judgment in favor of Friis on each of the counts of the First Amended Complaint and award Friis his damages, plus interest, costs, and attorneys' fees;

(b) Order McCarthy to physically deliver Friis' jersey to him in accordance with Count IV;

(c) Award Friis multiple damages in accordance with Count V; and

(d) Award Friis any other relief this Court deems just and equitable.

## Jury Demand

Friis demands a trial by jury on all claims and issues so triable.

                          ANDREW FRIIS,
                          By his attorneys,

                          */s/ Joseph P. Calandrelli*
                          Benjamin S. Kafka, BBO No. 640993
                          *bkafka@ocmlaw.net*
                          Joseph P. Calandrelli, BBO No. 666128
                          *jcalandrelli@ocmlaw.net*
                          **O'Connor, Carnathan and Mack, LLC**
                          1 Van de Graaff Dr., Suite 104
                          Burlington, MA 01803
                          T:  781-359-9000

Dated:  March 16, 2018

Certificate of Service

     I, Joseph Calandrelli, certify that I filed the foregoing document with the Court on March 16, 2018, and that counsel for Defendants is registered to receive electronic notice of this filing.

                          */s/ Joseph P. Calandrelli*
                          Joseph P. Calandrelli