UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ANDREW FRIIS,**<br>**PLAINTIFF**<br><br>**v.**<br><br>**KEVIN MCCARTHY, JR. and MCCARTHY TREE SERVICES, LLC,**<br>**DEFENDANTS** | **Civil Action No.:**<br>**1:18-CV-10134-DPW** |

**DEFENDANTS, KEVIN MCCARTHY JR. AND MCCARTHY TREE SERVICES, LLC., MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. PRO. RULE 12(b)(6)**

Defendants, Kevin McCarthy, Jr. (hereinafter "McCarthy") and McCarthy Tree Services, LLC. (hereinafter "McCarthy Tree") (collectively hereinafter "Defendants"), respectfully move this Honorable Court to dismiss Plaintiff's Complaint (hereinafter "Complaint") with prejudice, pursuant to Fed. R. Civ. Pro. R. 12(b)(6), as Plaintiff Andrew Friis (hereinafter "Friis") fails to state a claim upon which relief can be granted.

## INTRODUCTION

On or about January 5, 2016, Friis filed a claim against McCarthy in the Circuit Court of the 17th Judicial District in and for Broward County, Florida, Case No. CACE-16000121 seeking relief from an alleged breach of an alleged oral agreement between Friis and McCarthy. McCarthy was never properly served that complaint. Friis was granted a Partial Default Judgment in Broward County (hereinafter "Judgment") on April 14, 2016. Friis then sought to domesticate that judgment in Barnstable Superior Court. This complaint was also not properly served on Mr. McCarthy. Eventually, the default was removed and both complaints were dismissed pursuant to a joint motion of the parties.

Shortly after the default was removed, Friis sent Defendants, through their attorney, a letter purporting to be a M.G.L. c. 93A demand letter. Defendants deny owing Friis anything as it is Defendants' position that they are not liable to Friis and no contract or sale ever existed between the parties. On or about January 24, 2018, Friis filed this complaint alleging breach of contract, misrepresentation/fraud, unjust enrichment, conversion, and violation of M.G.L. c. 93A. On or about March 2, 2018, Defendants filed and served their first Motion to Dismiss for Failure to State a Claim. *See Docket Entry No. 6*. Fourteen days after receiving Defendant's Motion to Dismiss, Friis amended his complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B). Friis again has failed to state a claim upon which relief may be granted, and Defendants hereby renew their motion to dismiss with prejudice, as Friis's claims are frivolous and he should not be allowed another opportunity to attempt to correct his obviously flawed claims.

**STANDARD OF REVIEW**

In order to survive a motion to dismiss under Fed. R. Civ. P. R. 12(b)(6), Friis must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Garcia-Catalan v. United States*, 734 F.3d 100, 103 (1st Cir. 2013). While the court "must assume the truth of all well-plead facts and give [Friis] the benefit of all reasonable inferences therefrom," "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

**ARGUMENT**

**1. FRIIS' COMPLAINT FOR BREACH OF CONTRACT SHOULD BE DISMISSED AS IT IS CLEAR ON ITS FACE THAT THE ALLEGED CONTRACT VIOLATES THE STATUTE OF FRAUDS**

Friis' claim for breach of contract should be dismissed as it is clear on its face that it cannot survive the statute of frauds. A complaint may be dismissed under Fed. R. Civ. P. R. 12(b)(6) "when an affirmative defense like the statute of frauds appears on its face." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3rd Cir. 1994). Under *Mass. Gen. Laws* ch. 259, §1, "no action shall be brought:…Second, To charge a person upon a special promise to answer for the debt…of another…Unless the promise, contract or agreement upon which such action is brought…is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized." *Mass. Gen. Laws* ch. 259, §1. In assessing whether the statute of frauds applies, " 'it is essential that a primary obligation of some kind shall be incurred in order to bring the case within the Statute.'" *Duca v. Lord*, 331 Mass. 51, 53 (1954).

Friis by his own admission in the complaint states that there was no written contract and alleges that there was an oral agreement between him and the Defendants. *See* ¶¶ 10, 21. This alleged oral contract allegedly included an agreement for Friis to purchase and enter into a loan agreement with an equipment manufacturer, and the Defendants to pay for the equipment and the utility loader. Despite the fact that Friis clearly signed a detailed loan agreement, there is no writing, memorandum, letter or scintilla of evidence that Kevin McCarthy, Jr or McCarthy Tree agreed to pay this debt or even knew about it. If Friis actually did transfer money to an equipment manufacturer or sign a loan for a utility loader, he did so under his own prerogative and there is no allegation or evidence to the contrary supported by any writing. Without any physical documentation of this alleged promise to repay the debt, Friis' complaint for breach of

contract must be dismissed as it is direct violation of the statute of frauds as detailed in *Mass. Gen. Laws* ch. 259, § 1.

As to the alleged sale of memorabilia, this would also clearly fall within the statute of frauds as a sale of goods. Friis alleges that he purchased equipment and transferred it to Defendants in an alleged exchange for memorabilia, which Defendants do not an any way admit that there was any sort of sale, it cannot survive the statute of frauds under the Massachusetts Uniform Commercial Code. Under. *Mass. Gen. Laws* ch. 106, § 2-201, a writing is required for the sale of goods when the price is five hundred dollars ($500.00) or more. *Mass. Gen. Laws* ch. 106, §2-201. Friis claims this sale of goods is valued at over $80,000.00.

As such, it is clear on the face of the complaint that the alleged oral contract for equipment, memorabilia, and a utility loader, was well over $500.00 and involved a promise to pay the debt of another. Therefore, enforceability of this agreement would clearly require this agreement to be in writing to prevent fraud and entirely false agreements and coercion. *See Mass. Gen. Laws* ch. 259, § 1, *Mass. Gen. Laws* ch. 106, §2-201, and *Commonwealth Aluminum Corp. v. Baldwin Corp.*, 980 F. Supp. 598, 606 (D. Mass. 1997).

**2. <u>FRIIS' CLAIM OF MISREPRESENTATION/FRAUD SHOULD BE DISMISSED AS IT IS NOT PLED WITH THE REQUIRED PARTICULARITY REQUIRED UNDER FED. R. CIV. P. R. 9(B).</u>**

Friis' claim for misrepresentation/fraud should be dismissed as Friis' complaint fails to satisfy the requirements of Fed. R. Civ. P. R. 9(b). "When alleging fraud, a pleading party 'must state with particularity the circumstances constituting fraud." *Presti v. Toyota Motor Sales U.S.A., Inc. et al.*, CA No. 17-10320-DJC, 2018 WL792035, at *1 (D. Mass., February 8, 2018) (quoting Fed. R. Civ. P. R. 9(b)). Rule 9(b) requires Friis to state with particularity "the who, what, when, where, and how of the fraud." *D'Agostino v. ev3, Inc.*, 845 F.3d 1, 10 (1st Cir. 2016)

(citing *United States ex rel. Ge v. Takeda Pharm. Co.*, 737 F.3d 116, 123 (1st Cir. 2013)). The complaint should state what statements were false, and also why they were fraudulent. *See Suna v. Bailey Corp.*, 107 F.3d 64, 68 (1st Cir. 1997).

In the matter before the court, Friis has not met his burden to plead with particularity the alleged misrepresentation/fraud. Looking specifically at Count II of the complaint, Friis merely lays out the elements of the cause of action without establishing how any of the alleged facts connect to the elements. Friis bases his claim solely on the alleged fact that he is an avid baseball memorabilia collector. Friis alleges that it was during a meeting between him and McCarthy that McCarthy allegedly told Friis that McCarthy was the grandson of Mr. Yastrzemski. Nonetheless, aside from saying this meeting occurred in Falmouth, MA, Friis fails to plead when this meeting occurred, or why this meeting took place. Also, Friis fails to indicate how the subject of McCarthy being Mr. Yastrzemski's grandson came about, or even why they discussed baseball memorabilia. By failing to plead the circumstantial details surrounding the alleged misrepresentation/fraud by McCarthy, makes Friis' claim deficient under Rule 9(b).

Additionally, Friis' claim for misrepresentation/fraud against McCarthy Tree fails to meet the burden under Rule 9(b). Friis alleged facts all indicate that it was allegedly McCarthy, in his individual capacity, who allegedly made the misrepresentations. The complaint is devoid of any particular facts that McCarthy was allegedly acting as the authorized agent of McCarthy Tree. As McCarthy Tree is a limited liability company under the applicable Massachusetts Law, it is its own entity, and as such Friis must show with particularity how McCarthy Tree itself engaged in misrepresentation/fraud. Friis cannot carry this burden as the complaint shows on its face. Furthermore, the complaint contains no allegation that any of the alleged memorabilia was held in the name of McCarthy Tree or own by McCarthy Tree. Therefore, Friis has failed to

carry his burden of pleading with particularity that the Defendants engaged in misrepresentation/fraud, and as such Friis claim for misrepresentation/fraud should be dismissed.

**3. FRIIS' CLAIM FOR CONVERSION SHOULD BE DISMISSED AS IT IS CLEAR ON THE FACE OF THE COMPLAINT THAT HE CANNOT ESTABLISH THAT DEFENDANTS EXERTED DOMINION AND CONTROL OVER FRIIS PROPERTY**

Friis' complaint is devoid of any facts that establish that McCarthy or McCarthy Tree ever exercised dominion and control over the alleged game used jersey, as such Friis' claim for conversation should be dismissed. "Conversion is simply an intentional and wrongful exercise of dominion or control over a chattel, which seriously interferes with the owner's rights in the chattel." *Evergreen Marine Corp. v. Six Consignments of Frozen Scallops*, 4 F.3d 90, 94 (1st Cir. 1993).

Here, Friis' complaint is devoid of any indication that McCarthy actually possessed the jersey. The only indication that Friis makes is that he allegedly provided the jersey to McCarthy. *See* ¶12. Nonetheless, Friis fails to indicate how he allegedly provided McCarthy the jersey or if the jersey actually existed. He provides no indication that the jersey was authenticated or supported by any documents. Every single allegation in this complaint regarding promises, values, and expensive memorabilia is completely and 100% based on Friis' word. Friis alleges that he is an avid baseball memorabilia collector, however, common sense would dictate that an avid baseball memorabilia collector that owns a valuable piece of memorabilia, such as a game used jersey of a hall of famer, would take care in ensuring that his property reached its destination, such as delivering it in person or through shipping in which the package may be insured and tracked. Furthermore, such an avid baseball fan would also possess documents evidencing ownership and authenticity, as well as have knowledge regarding the existence and whereabouts of sports memorabilia in general.

In Friis' count of conversion, he does not make any indication that McCarthy ever actually possessed the jersey. Friis merely says "as set forth above," however, aside from a generic "provided McCarthy with the jersey" Friis does not plead that McCarthy actually took possession of the jersey. *See* Complaint ¶¶ 12, 35. Therefore, Friis claim of conversion should be dismissed, as Friis cannot establish that McCarthy wrongfully exerted his dominion and control over the jersey.

**4. FRIIS' CLAIM OF A VIOLATION OF MASS. GEN. LAWS CH. 93A SHOULD BE DISMISSED AS THE ALLEGED TRANSACTION WAS PRIVATE IN NATURE**

Friis' claim for *Mass. Gen. Laws* c. 93A against Defendants should be dismissed as Friis cannot establish that he is entitled to the protections of c. 93A. "G.L. c. 93A is not available where the transaction is strictly private in nature, and is in not undertaken in the ordinary course of a trade or business." *Linkage Corp. v. Trustees of Boston Univ.*, 425 Mass. 1, 23 n. 33 (1997) (quoting *Lantner v. Carson*, 374 Mass. 606, 608 (1978)). While the statute does not specifically define what "in the conduct of any trade or commerce" means, the Massachusetts Supreme Judicial Court has interpreted the statute in a way that shows that there is a "sharp distinction between a business person and an individual who participates in commercial transactions on a private, nonprofessional basis." *Lantner v. Carson*, 374 Mass. 606, 610 (1978). The unfair or deceptive acts must take place in a business context. *Id.* at 611.

Here, it is important to note that the pleadings in no way allege that these alleged oral promises took place in the ordinary course of McCarthy or McCarthy Tree's trade or business. Friis' complaint includes an allegation that the alleged oral agreement came up in the course of a regular conversation where McCarthy was not acting in his official capacity. *See* Complaint ¶9. Looking further at the complaint, Friis just simply recited the elements of a violation of c. 93A,

and failed to plead how McCarthy and McCarthy Tree were acting in a business context. *See* Complaint ¶¶ 39-43. In fact, other than indicating that McCarthy owned McCarthy Tree, Friis failed to plead any facts whatsoever to plausibly establish a violation of ch. 93A.

Additionally, McCarthy is not a professional memorabilia seller, which Friis knew. This alleged transaction is similar to that in *Lantner v. Carson* in which the Court determined that "G.L. c. 93A is not available where the transaction is strictly private in nature, and is in not undertaken in the ordinary course of a trade or business." 374 Mass. 606, 608 (1978). There the plaintiff was seeking remedies based off a sale of real property by the defendants. *Id*. at 606. The Court stated that "an individual homeowner who decides to sell his residence stands in no better bargaining position than the individual consumer." *Id.* at 612. They reached this determination based upon the policy behind c. 93A, which is "to regulate business activities with the view to providing…a more equitable balance in the relationship of consumers to persons conducting business activities." *Id.* As this clearly shows, the alleged transaction between the parties was private in nature, and as such Friis cannot not avail himself to *Mass. Gen. Laws* ch. 93A remedies.

**5. <u>FRIIS' CLAIM FOR UNJUST ENRICHMENT SHOULD BE DISMISSED AS IT FAILS TO SHOW HOW DEFENDANTS WERE CONFERRED A BENEFIT</u>**

Friis' complaint fails to plead that Defendants were unjustly enriched by the alleged oral agreement, as such the claim for unjust enrichment should be dismissed. Unjust enrichment is a doctrine of equity where the plaintiff can "seek restitution of a benefit conferred on another whose retention of the benefit at plaintiff's expense would be unconscionable." *In re Lupron Marketing and Sales Practices Litigation*, 295 F. Supp. 2d 148, 182 (D. Mass. 2003). Friis must establish "an enrichment, and impoverishment, a relation between the enrichment and the

impoverishment, the absence of justification and the absence of a remedy provided by law." *Id.* (quoting *LaSalle Nat'l Bank v. Perelman*, 82 F. Supp. 2d 279, 279-95 (D. Del. 2000).

Friis merely pleads the elements of the claim. He fails to plead facts that Defendants actually possessed the utility loader, equipment, or actually received any benefit from Friis' alleged actions. As this matter has been litigated in Florida prior to this proceeding, Friis has had ample time to produce documentation to establish a benefit conferred on Defendants, and could have attached such documentation to the complaint as an Exhibit. In fact, in the prior cases, Friis did not even bring forth claims against McCarthy Tree. The only logical reason for this is that Friis is attempting to extort and harass Defendants and McCarthy's family in order to receive money or baseball memorabilia and to take advantage of Massachusetts Law by adding in a claim of 93A, therefore needing a "business". As such, Friis has failed to show the plausibility that Defendants were unjustly enriched, therefore, Friis' claim for unjust enrichment in his complaint should be dismissed.

## CONCLUSION

WHEREFORE, the Defendants, Kevin McCarthy, Jr. and McCarthy Tree Services, LLC., respectfully requests that this Honorable Court:

1. Dismiss Plaintiff's claim for Breach of Contract with prejudice;
2. Dismiss Plaintiff's claim for Misrepresentation/Fraud with prejudice;
3. Dismiss Plaintiff's claim for unjust enrichment with prejudice;
4. Dismiss Plaintiff's claim for conversion with prejudice;
5. Dismiss Plaintiff's claim for violation of *Mass. Gen. Laws* ch. 93A with prejudice;
6. Award Defendants its costs, attorney's fees; and
7. Order any other such relief as the Court may deem equitable and just.

Date: April 5, 2018                              Respectfully submitted,
                                                 Defendants
                                                 By their Attorneys,


                                                 /s/Michaela D. McCuish
                                                 /s/Louis A. D'Amarino
                                                 Michaela D. McCuish, Esq.
                                                 Louis A. D'Amarino, Esq. (BBO# 692223)
                                                 Law Office of Michaela D. McCuish
                                                 4650 Route 28, Unit 6
                                                 Cotuit, MA 02635
                                                 P: 508-744-3178
                                                 F: 774-228-2913
                                                 michaelamccuish@capeattorneys.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document was served upon the attorney of record for each party by electronic mail on 4/5/2018.

/s/ Michaela D. McCuish
Michaela D. McCuish, BBO# 687845

DATED: April 5, 2018