UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**ANDREW FRIIS,**

                    **PLAINTIFF**

            **v.**

**KEVIN MCCARTHY, JR. and**
**MCCARTHY TREE SERVICES, LLC,**
                    **DEFENDANTS**

**Civil Action No.:**

**1:18-CV-10134-DPW**

**DEFENDANT MCCARTHY TREE SERVICES, LLC ANSWER,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS IN RESPONSE TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Now comes Defendant, McCarthy Tree Services, LLC, through counsel, and hereby

responds to the allegations asserted by Plaintiff in the above captioned manner as follows:

1.  Defendant McCarthy Tree Services, LLC (hereinafter "McCarthy Tree") does not possesses the requisite knowledge to admit of deny the allegations contained in this Paragraph and reserves his right to dispute the validity.

2.  The allegations contained in Paragraph 2 of the Plaintiff's complaint are not directed against McCarthy Tree and, therefore, require no answer. To the extent that an answer may be required, McCarthy Tree states that the allegations contained in Paragraph 2 of are admitted.

3.  Admitted.

4.  Admitted.

5.  The allegations contained in Paragraph 5 of the Plaintiff's Amended Complaint are not directed against McCarthy Tree and, therefore, require no answer. To the extent that an

answer may be required, the allegations contained in Paragraph 5 are admitted.

6.     Admitted.

7.     The allegations contained in Paragraph 7 of the Plaintiff's Amended Complaint are not

      directed against McCarthy Tree and, therefore, require no answer. To the extent that an

      answer may be required, the allegations contained in Paragraph 7 are denied.

8.     The allegations contained in Paragraph 8 of the Plaintiff's Amended Complaint are not

      directed against McCarthy Tree and, therefore, require no answer. To the extent that an

      answer may be required, the allegations contained in Paragraph 8 are denied.

9.     Denied.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

15.    The allegations contained in Paragraph 15 of the Plaintiff's amended complaint are not

      directed against McCarthy Tree and, therefore, require no answer. To the extent that an

      answer may be required, the allegations contained in Paragraph 15 are denied.

16.    The allegations contained in Paragraph 16 of the Plaintiff's amended complaint are not

      directed against McCarthy Tree and, therefore, require no answer. To the extent that an

      answer may be required, the allegations contained in Paragraph 16 are denied.

17.    Denied.

18.    Denied.

19.    McCarthy Tree admits that Plaintiff served a M.G.L. c. 93A demand, and maintains its

position that Plaintiff did so as a means to harass and extort the McCarthy and Yastrzemski family.

20. This paragraph calls for a legal conclusion in which no response is required, in so far as a response is required, the allegations contained in Paragraph 20 are denied.

## Count I – Breach of Contract

21. Defendant reasserts, restates, and incorporates by reference as if set forth fully herein paragraphs 1-20 of its answer to the Amended Complaint.

22. Denied.

23. Denied.

24. This paragraph calls for a legal conclusion in which no response is required, in so far as a response is required, the allegations contained in Paragraph 24 are denied.

## Count II – Misrepresentation/Fraud

25. Defendant reasserts, restates, and incorporates by reference as if set forth fully herein paragraphs 1-24 of its answer to the Amended Complaint.

26. Denied.

27. Denied.

28. This paragraph calls for a legal conclusion in which no response is required, in so far as a response is required, the allegations contained in Paragraph 28 are denied.

29. This paragraph calls for a legal conclusion in which no response is required, in so far as a response is required, the allegations contained in Paragraph 29 are denied.

## Count III – Unjust Enrichment

30. Defendant reasserts, restates, and incorporates by reference as if set forth fully herein paragraphs 1-29 of its answer to the Amended Complaint.

31.     Denied.

32.     Denied.

33.     This paragraph calls for a legal conclusion in which no response is required, in so far as a response is required, the allegations contained in Paragraph 33 are denied.

34.     This paragraph calls for a legal conclusion in which no response is required, in so far as a response is required, the allegations contained in Paragraph 34 are denied.

### Count IV - Conversion

35.     Defendant reasserts, restates, and incorporates by reference as if set forth fully herein paragraphs 1-34 of its answer to the Amended Complaint.

36.     The allegations contained in Paragraph 36 of the Plaintiff's complaint are not directed against McCarthy Tree and, therefore, require no answer. To the extent that an answer may be required, the allegations contained in Paragraph 36 are denied.

37.     The allegations contained in Paragraph 37 of the Plaintiff's complaint are not directed against McCarthy Tree and, therefore, require no answer. To the extent that an answer may be required, McCarthy Tree does not possess the requisite knowledge to admit or deny the allegations contained in this Paragraph, and reserves its right to dispute their validity.

38.     The allegations contained in Paragraph 38 of the Plaintiff's complaint are not directed against McCarthy Tree and, therefore, require no answer from this Defendant. To the extent that an answer may be required, the allegations contained in Paragraph 38 are denied.

39.     This paragraph calls for a legal conclusion in which no response is required, in so far as a response is required the allegations contained in Paragraph 39 are denied.

## Count V – M.G.L. c. 93A

40.     Defendant reasserts, restates, and incorporates by reference as if set forth fully herein paragraphs 1-39 of its answer to the Amended Complaint.

41.     Denied.

42.     This paragraph calls for a legal conclusion in which no response is required, in so far as a response is required, the allegations contained in Paragraph 42 are denied.

43.     This paragraph calls for a legal conclusion in which no response is required, in so far as a response is required, the allegations contained in Paragraph 43 are denied.

44.     This paragraph calls for a legal conclusion in which no response is required, in so far as a response is required, the allegations contained in Paragraph 44 are denied.

**WHEREFORE**, the Defendant, McCarthy Tree Services, LLC., respectfully requests that this Honorable Court:

- Enter judgment in favor of the Defendant, McCarthy Tree Services, LLC., on Counts I-V of Plaintiff's First Amended Complaint;

- Award reasonable attorneys' fees and costs associated with defendant against Plaintiff's First Amended Complaint; and

- Award such other relief as this Honorable Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant asserts the affirmative defense that Plaintiff's allegations and pleadings fail to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6).

### Second Affirmative Defense

Defendant asserts the affirmative defense that Plaintiff is barred by the doctrine of unclean hands.

### Third Affirmative Defense

Defendant asserts the affirmative defense that Plaintiff's claims are the product of fraud.

### Fourth Affirmative Defense

Defendant asserts the affirmative defense that Plaintiff's claims are barred for lack of consideration.

### Fifth Affirmative Defense

Defendant asserts the affirmative defense of accord and satisfaction.

### Sixth Affirmative Defense

Defendant asserts the affirmative defense that Defendant's actions and or inactions were justified by Plaintiff's actions and or inactions.

### Seventh Affirmative Defense

Defendant asserts the affirmative defense of assumption of risk.

### Eighth Affirmative Defense

Defendant asserts the affirmative defense that Plaintiff's claims are barred due to Plaintiff's contributory negligence.

### Ninth Affirmative Defense

Defendant asserts the affirmative defense of estoppel.

### Tenth Affirmative Defense

Defendant asserts the affirmative defense that Plaintiff's claims are barred by the doctrine of laches.

**Eleventh Affirmative Defense**

Defendant asserts the affirmative defense that Plaintiff's claims are barred by the statute of frauds.

**Twelfth Affirmative Defense**

Defendant asserts the reservation of additional affirmative defenses as may arise through discovery during the pendency of this matter.

**COUNTERCLAIM**

**Count I**

**Abuse of Process**

1. The plaintiff-in counterclaim is McCarthy Tree Services, LLC (hereinafter "McCarthy Tree").

2. The defendant-in-counterclaim is Andrew Friis (hereinafter "Mr. Friis").

3. On or about January 30, 2018, Mr. Friis brought this action against Mr. Kevin McCarthy, Jr. and McCarthy Tree., alleging that Mr. Friis entered into an alleged oral contract where Mr. Friis provided financial support to McCarthy Tree in exchange for certain pieces of baseball memorabilia, in doing so Mr. Friis asserted the claims of breach of contract, misrepresentation/fraud, unjust enrichment, conversion, and unfair and deceptive trade practices in violation of M.G.L. c. 93A.

4. Mr. Friis brought this action falsely and maliciously with the intent to injure McCarthy Tree.

5. Mr. Friis brought this action for unlawful and for ulterior purposes for which the process was not intended, constituting an abuse of process.

6. As a result, thereof, McCarthy Tree has been compelled to employ an attorney, has

incurred considerable expense and inconvenience, and has otherwise been damaged.

7. Mr. Friis has brought the claims in an attempt to further harass and extort money out of the McCarthy and Yastrzemski families.

8. The filing of Mr. Friis' complaint constitutes an abuse of process.

9. McCarthy Tree has been and continues to be damaged by Mr. Friis' abuse of process.

## COUNT II

## DEFAMATION

10. McCarthy Tree reasserts, restates, and incorporates by reference as if set forth fully herein paragraphs 1 through 9.

11. Mr. Friis published false and misleading information about McCarthy Tree to third parties.

12. Mr. Friis' statements were made with the intent to injure McCarthy Tree, and its owner, Kevin McCarthy, Jr.'s reputation in the community.

13. Mr. Friis' publications were made to expose McCarthy Tree to hatred, ridicule, and/or contempt.

14. Mr. Friis' statements prejudiced McCarthy Tree, and caused financial harm to the business.

**WHEREFORE**, Defendant, Plaintiff in Counterclaim, McCarthy Tree, prays that this Honorable Court:

1. Enter Judgment for the Plaintiff in Counterclaim McCarthy Tree., on Count I for reasonable costs and attorney's fees;

2. Enter Judgment for the Plaintiff in Counterclaim McCarthy Tree, on Count II for an amount to be determined plus attorney's fees and costs;

3.  Grant such other relief as this Court deems just and proper.

## JURY DEMAND

McCarthy Tree Services, LLC demands a trial by jury on all claims and issues so triable.


Dated: June 18, 2018                                            Respectfully submitted,
                                                               McCarthy Tree Services, LLC.
                                                               By its Attorney,


                                                               /s/ Michaela D. McCuish_____
                                                               Michaela D. McCuish, Esq.
                                                               Attorney for Defendant
                                                               Law Office of Michaela D. McCuish
                                                               4650 Route 28, Unit 6
                                                               Cotuit, MA 02635
                                                               T: 508-744-3178
                                                               michaelamccuish@capeattorneys.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was served upon the attorney of record for each party by electronic mail on 6/18/18.

/s/ Michaela D. McCuish
Michaela D. McCuish, BBO# 687845

DATED: June 18, 2018