UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANDREW FRIIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-10134-MPK |
| | ) | |
| KEVIN MCCARTHY, JR. AND | ) | |
| MCCARTHY TREE SERVICES, LLC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### ANDREW FRIIS' MOTION TO SCHEDULE TRIAL

Plaintiff Andrew Friis ("Friis") respectfully moves the Court to schedule a trial on this case at the Court's earliest opportunity on or after January 14, 2019.  With discovery now complete and only factual disputes that need to be resolved, Friis believes that there is no good reason to avoid scheduling the trial as soon as practicable.  As grounds for this motion, Friis states the following:

1.      This case arises out of an August 2015 contract entered into between the parties whereby Friis provided money and equipment to the Defendants in exchange for their providing certain professional baseball memorabilia that the Defendants represented they owned.  In January 2016, Friis filed a suit against Defendant Kevin McCarthy in Friis' home state of Florida.  However, after the Defendant challenged jurisdiction following the entry of a default judgment, the parties agreed to voluntarily dismiss the Florida litigation and re-file in Massachusetts.  In January 2018, Friis filed a Complaint in this court asserting claims for breach of contract, misrepresentation/fraud, unjust enrichment, conversion, and G.L. c. 93A.  The

Defendants counterclaims for defamation and abuse of process, though Defendant McCarthy Tree Services, LLC later dismissed its claim for defamation.

2.      Both parties requested and responded to written discovery.  Friis also deposed the two Defendants.  Discovery closed on November 30, 2018.

3.      The next scheduled event in this case is a February 11, 2019 status conference. The Court's current scheduling order also has a summary judgment deadline of April 15, 2019.

4.      Friis does not believe that the filing of any summary judgment motions are warranted in this case.  Although there does not appear to be any dispute that Friis provided money and equipment to the Defendants for nothing in exchange, the Defendants contend that Friis' actions constituted a gift.  Friis adamantly denies this assertion, but recognizes that this is likely a factual dispute that cannot be conclusively determined at summary judgment.  Because this factual dispute will have an impact on the resolution of all of the other claims, Friis does not believe that either party is entitled to have judgment enter in their favor as a matter of law. Accordingly, the filing of summary judgment motions will likely be a futile exercise that will serve only to delay this case and increase the costs for both parties.

5.      Rather than wait two additional months to discuss a trial date at the February 2019 status conference, Friis believes it is in both the parties' and the Court's interests to schedule a trial at the Court's earliest opportunity after January 14, 2019.  Friis is ready for trial, and with only one deposition having been taken and less than 400 pages of documents produced by both parties combined during discovery, neither party requires a lengthy stage of preparation.

**WHEREFORE,** Friis respectfully requests that the Court allow this motion and schedule a trial at the Court's earliest opportunity after January 14, 2019.

ANDREW FRIIS,
By his attorneys,


*/s/ Joseph P. Calandrelli*
Benjamin S. Kafka, BBO No. 640993
*bkafka@ocmlaw.net*
Joseph P. Calandrelli, BBO No. 666128
*jcalandrelli@ocmlaw.net*
**O'Connor, Carnathan and Mack, LLC**
1 Van de Graaff Dr., Suite 104
Burlington, MA 01803
T:  781-359-9000

Dated:  December 18, 2018


Certificate of Service

I, Joseph Calandrelli, certify that on December 18, 2018, I caused the foregoing document to be filed electronically and that the Defendants' counsel is registered to receive electronic notice of this filing.


*/s/ Joseph P. Calandrelli*