UNITED STATES DISTRICT COURT DISTRICT OF
MASSACHUSETTS

ANDREW FRIIS,
Plaintiff,

v.              CIVIL ACTION NO. 1:18-cv-10134-MPK[1]

KEVIN MCCARTHY, JR.,
MCCARTHY TREE SERVICES, LLC,
Defendants.

MEMORANDUM AND ORDER ON
DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (#43.)

KELLEY, U.S.M.J.

On January 24, 2018, Plaintiff, Andrew Friis, a baseball memorabilia collector, filed a five-count complaint, alleging claims for breach of contract (Count I), misrepresentation/fraud (Count II), unjust enrichment (Count III), conversion (Count IV), and violations of Mass. Gen. L. ch. 93A (Count V), against Defendants, Kevin McCarthy, Jr. (McCarthy) and McCarthy's tree-removal business, McCarthy Tree Services, LLC (McCarthy Tree). (#1.) Plaintiff filed an amended complaint on March 16, 2018, making the same claims against Defendants.[2] (#8.) Plaintiff alleges in his amended complaint that, after he had purchased baseball memorabilia from McCarthy, the

---

[1] With the parties' consent, this case was reassigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c).

[2] On October 16, 2018, Plaintiff filed a motion for leave to file a second amended complaint (#29) and attached his proposed second amended complaint. (#29-1.) While the Court granted Plaintiff's motion on December 15, 2018, Plaintiff never formally filed the second amended complaint pursuant to the Court's Order. (#31.) Therefore, the Court will only consider the allegations in Plaintiff's amended complaint for the purposes of this motion.

1

grandson of former Boston Red Sox baseball player Carl Yastrzemski, through a third-party, the parties entered into an oral contract "whereby [Plaintiff] agreed to provide money to McCarthy and to purchase certain equipment for McCarthy Tree" in exchange for various baseball memorabilia. (*Id.* ¶¶ 8, 10.) Plaintiff maintains that McCarthy represented to him "that he was the lawful owner of the memorabilia . . . , and that he wanted to sell it because he needed to purchase equipment for McCarthy Tree." (*Id.* ¶ 9.)

Plaintiff also alleges that he agreed to sign a personal guaranty for a loan, so that McCarthy could purchase a loader for McCarthy Tree; McCarthy agreed to obtain Yastrzemski's signature on a game-worn jersey Plaintiff owned; and McCarthy "fraudulently charged . . . expenses on [his] credit card without his authorization." (*Id.* ¶¶ 11, 14.) Plaintiff asserts that, despite his "numerous demands," Defendants have since "failed and otherwise refused to" give Plaintiff the memorabilia he was promised, obtain Yastrzemski's signature, or otherwise return Plaintiff's jersey or money. (*Id.* ¶ 14.)

On March 1, 2019, Defendants filed a motion for summary judgment as to all of Plaintiff's claims (#43), along with a supporting memorandum (#44) and statement of material facts (#45). On March 20, 2019, Plaintiff filed an opposition (#46), along with a response to Defendants' statement of material facts (#47) and a supporting affidavit (#48). Oral argument was held on May 14, 2019. Viewing the record in the light most favorable to Plaintiff and drawing all reasonable inferences in the Plaintiff's favor, *see Caraballo-Caraballo v. Corr. Admin.*, 892 F.3d 53, 56 (1st Cir. 2018) (citation omitted), the Court denies Defendants' motion for summary judgment.

Multiple genuine disputes of material fact exist with respect to each of Plaintiff's claims. *See* Fed. R. Civ. P. 56(a). Regarding Plaintiff's breach of contract claim, a contract must be supported by consideration in order to be valid and binding. *Fisher v. HSBC Bank*, 332 F. Supp.

2

3d 435, 441 (D. Mass. 2018) (citing *Coady Corp. v. Toyota Motor Distribs., Inc.*, 346 F. Supp. 2d 255, 248 (D. Mass. 2003), *aff'd*, 361 F.3d 50 (1st Cir. 2004)). Gratuitous gifts are not supported by consideration. *King v. Trs. of Boston Univ.*, 647 N.E. 2d 1196, 1199 n.4 (Mass. 1995) (citing *Congregation Kadimah Toras-Moshe v. DeLeo*, 540 N.E. 2d 691 (Mass. 1989)). Plaintiff's breach of contract claim would fail, if Defendants can show that Plaintiff intended to give McCarthy the money and equipment without receiving anything in return.

Plaintiff's unjust enrichment claim would also fail, if Defendants can make a similar showing. "A plaintiff asserting a claim for unjust enrichment must establish . . . that the defendant received a benefit [and] that such benefit was unjust, 'a quality that turns on the reasonable expectation of the parties.'" *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 332 F. Supp. 3d 446, 472 (D. Mass. 2018) (quoting *Metro Life Ins. Co. v. Cotter*, 464 Mass. 623, 644 (2013)); *see also Rogers v. Rogers*, No. 04-46, 2007 Mass. Super. LEXIS 612, at *27 (Mass. Super. Ct. May 29, 2007) (citing *Santagate v. Tower*, 833 N.E. 2d 171, 180 (Mass. App. Ct. 2005)) ("the reasonable expectations of the parties" determine "whether a benefit is unjust").

While Defendants argue that Plaintiff's breach of contract and unjust enrichment claims fail because Plaintiff freely gave McCarthy the money and equipment as gifts, without any consideration, (#44 at 9–10, 12–15), various text messages between the parties reflect that Plaintiff gave McCarthy the money and equipment while simultaneously discussing "a trade" for the baseball "stuff." (#45-1 at 61, 63, 71–72, 122.) This endeavor demonstrates a genuine dispute on this issue. Defendants' motion for summary judgment on Plaintiff's claims for breach of contract (Count I) and unjust enrichment (Count III) is denied.

Defendants argue that Plaintiff cannot prove his fraud/misrepresentation claim because there was no way his reliance on McCarthy to provide the baseball memorabilia was reasonable.[3] (#44 at 11.) While Defendants contend that any baseball memorabilia collector like Plaintiff would have known that McCarthy did not have the authority to transfer much of Yastrzemski's memorabilia, (#44 at 11), Plaintiff points out that he had purchased memorabilia from McCarthy before and that one could expect a grandfather to give his grandson memorabilia from his playing days. (#46 at 11.) A genuine issue of material fact also exists with respect to the "reasonable reliance" aspect of Plaintiff's fraud/misrepresentation claim. Defendants' motion for summary judgment on Plaintiff's fraud/misrepresentation claim (Count II) is denied. *See also Ilex Inves. L.P. v. Bitran*, No. SUCV2013000489-BLS2, 2016 Mass. Super. LEXIS 831, at **4–5 (Mass. Super. Ct. Dec. 23, 2016) (citing *Kennedy v. Josephthal & Co., Inc.*, 814 F.2d 798, 804 (1st Cir. 1987)) ("[w]hat constitutes reasonable reliance is a fact-driven inquiry requiring the consideration of multiple factors").

Multiple genuine issues of fact exist with respect to Plaintiff's conversion claim,[4] regarding his Red Sox jersey and his funds. Defendants contend that McCarthy told Plaintiff where the jersey

---

[3] In order to prevail on a claim for fraud or intentional misrepresentation in Massachusetts, a plaintiff must show that the defendant made a misrepresentation of material fact, with knowledge of its falsity, for the purposes of inducing the plaintiff to act thereon, and the plaintiff relied or acted upon the representation to his detriment. *See Softub, Inc. v. Mundial, Inc.*, 53 F. Supp. 3d 235, 255 (D. Mass. 2014) (internal citations and quotation marks omitted). A plaintiff's reliance on the misrepresentation must be reasonable. *Bolen v. Paragon Plastics, Inc.*, 754 F. Supp. 221, 226 (1990) (citing *Chedd-Angier Prod. Co. v. Omni Pub. Int'l, Ltd.*, 756 F.2d 930, 939 (1st Cir. 1985)).

[4] A plaintiff asserting a conversion claim in Massachusetts must show the following: "the defendant intentionally and wrongfully exercised control or dominion over . . . personal property" that the plaintiff had an ownership or possessory interest in at the time of the alleged conversion; "the plaintiff was damaged by the defendant's conduct"; and, "if the defendant legitimately acquired possession of the property under a good-faith claim of right, the plaintiff's demand for its return was refused." *J. & J. Sports Prods. Inc. v. Cela*, 139 F. Supp. 3d 495, 501 (D. Mass.

4

was and "offered to return it to Plaintiff[,]"and Plaintiff gave McCarthy his credit card information so that McCarthy "could purchase items without the need of Plaintiff being on the phone[.]" (#44 at 14–15.) However, Plaintiff points to multiple inconsistencies within the record regarding Defendants' assertion about the jersey and its whereabouts, (#46 at 13), and contends that he never provided Defendants "open-ended authority to charge whatever they needed on his credit card." (#47 at 10 (citing #48 ¶ 33).) Plaintiff also correctly contends that it is the province of a jury to evaluate and reject any contradictory testimony. (#46 at 13.) *See Gray v. Cummings*, 917 F.3d 1, 5–6 (1st Cir. 2019) (quoting *Quintana-Ruiz v. Hyundai Motor Corp.*, 303 F.2d 62, 76 (1st Cir. 2002) ("juries have some leeway to 'reject uncontradicted, unimpeached testimony when it is improbable, inherently contradictory, riddled with omissions, or delivered in a manner giving rise to doubts'")). Defendants' motion for summary judgment on the conversion claim is denied.

Finally, Defendants fail to show that there are no genuine disputes of material fact with respect to Plaintiff's chapter 93A claim. Regardless of whether a plaintiff brings the action under section 11 or as an individual consumer under section 9, a plaintiff must show that the defendant had employed "unfair or deceptive acts or practices[,]" while engaging in "trade or commerce[.]" *South Shore Hellenic Church, Inc. v. Artech Church Interiors, Inc.*, 183 F. Supp. 3d 197, 214 (D. Mass. 2016) (quoting *Kunelius v. Town of Stow*, 588 F.3d 1, 16 (1st Cir. 2009) and Mass. Gen. L. ch. 93A, § 2(a)). The terms trade and commerce "include the advertising, the offering for sale, rent or lease, [and] the sale, rent, lease or distribution of any services and any property, tangible or intangible, real, personal or mixed . . . ." Mass. Gen. L. ch. 93A, § 1. Whether a defendant engaged in trade or commerce depends on various factors, including "the nature of the transaction, the

---

2015) (quoting *Evergreen Marine Corp. v. Six Consignments of Frozen Scallops*, 4 F.3d 90, 95 (1st Cir. 1993)).

character of the parties involved, and [their] activities . . . and whether the transaction [was] motivated by business or personal reasons." *Peabody N.E., Inc. v. Town of Marshfield*, 689 N.E. 2d 774, 778 & n.6 (Mass. 1998) (citation omitted). This is a fact-specific inquiry. *Feeney v. Dell, Inc.*, 908 N.E. 2d 753, 770 (Mass. 2009); *see Linkage Corp. v. Trs. of Boston Univ.*, 679 N.E. 2d 191, 207–08 (Mass. 1997) (college engaging in trade or commerce when motivation was to turn a profit).

Defendants argue that chapter 93A is inapplicable because McCarthy was not a professional seller of baseball memorabilia and therefore, was not engaging in trade or commerce. (#44 at 12.) Plaintiff contends that McCarthy did sell his grandfather's memorabilia in the past to make money, and a reasonable fact finder could infer that, in this instance, he was motivated to make a profit or generate money for his business, given that McCarthy Tree was relatively new. (#46 at 15–16.) Additionally, Defendants cite various district court cases for the proposition that a breach of contract alone does not amount to an unfair act or practice under chapter 93A. (#44 at 15.) However, "whether a particular set of acts, in their factual setting, is unfair or deceptive is a question of fact," *South Shore*, 183 F. Supp. 3d at 218 (citation omitted), and the record contains multiple instances where a reasonable jury could infer that McCarthy's actions were unfair or deceptive. Genuine issues of material fact exist, foreclosing summary judgment on Plaintiff's chapter 93A claim.

For all of the foregoing reasons, Defendants' motion for summary judgment is DENIED in its entirety.

                                            /s/ M. Page Kelley
                                            M. Page Kelley
May 16, 2019                             United States Magistrate Judge